# United States District Court
# Northern District of Indiana
# Hammond Division

| | |
|---|---|
| ELIAN M. SHEPHERD,<br><br>        Plaintiff,<br><br>        v.<br><br>TOWN OF MERRILLVILLE, INDIANA; J. MERKEL and N. SCHROCK, individually and in their capacity as Merrillville Police Officers;<br><br>        Defendants. | Civil Action No. 2:12-CV-23 JVB |

**OPINION AND ORDER**

Plaintiff has sued Defendants under 42 U.S.C. § 1983 as well as on several state law claims. This matter is before the Court on Plaintiff's motion for partial summary judgment on his state law claims alleging battery and false arrest against the Town of Merrillville (DE 40).

**A.    Facts**

The following facts are taken as true for the purpose of Plaintiff's motion for summary judgment: On December 18, 2009, Plaintiff, a doctor and staff member at Methodist Hospital in Merrillville, Indiana, went to the hospital to respond to an emergency. He parked in a fire lane and entered the hospital. When Plaintiff left the hospital after attending to his patient, he saw police officers Merkel and Schrock, both of whom are defendants in this case. Schrock prepared a citation for parking in the fire lane. Plaintiff was upset because he believed that a hospital security guard, Adam Dolan, had given him permission to park there. There was a verbal exchange between Plaintiff and Dolan. Merkel arrested Plaintiff, grabbing his arm in the

process, and charged him with disorderly conduct and resisting law enforcement. The charges were later dismissed.

Dr. Shepherd submitted a written complaint, dated May 18, 2010, to the Merrillville Police Department concerning the conduct of Merkel and Schrock on December 18, 2009. Lt. Snemis completed an investigation of the incident and submitted a report to Merrillville police chief Joseph Petruch, who wrote to Merkel to inform him that he had violated a number of police department regulations in his handling of the matter. Petruch stated in his communication to Merkel that there wasn't "sufficient evidence to show that Dr. Shepherd violated the statutory definition of disorderly conduct." (DE 35-1, 7).[1] He also informed Merkel that he had violated police department Order Number 15.2.1 in that "it has been determined that you used unjustified force when you grabbed Dr. Shepherd to continue to talk to him when he turned away from you." (*Id.*) These findings resulted in disciplinary action against Merkel.

**B.    Summary Judgment Standard.**

Summary judgment must be granted if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).

**C.    Discussion**

Plaintiff asserts that Petruch's findings conclusively establish that Merkel arrested him without probable cause, thus committing the torts of false arrest and false imprisonment, and that

---

[1]This document was filed under seal but both parties have quoted from it in their briefs. The Court does likewise.

his unjustified use of force was battery. Therefore, Plaintiff maintains that Town is liable under the Indiana Tort Claims Act, Indiana Code § 35-13-3-1, et seq, for Merkel's actions. Plaintiff argues the doctrine of judicial estoppel applies to Petruch's determinations so that the liability of the Town has been determined.

The purpose of the doctrine of judicial estoppel is to protect the integrity of the judicial process by preventing a party from asserting a claim in a legal proceeding that is inconsistent with a claim taken by that party in a previous proceeding. *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001). While the doctrine can be applied to a party who took an inconsistent position in a prior administrative proceeding, the Court will not apply it against the Town in the instant case.

The internal investigation and conclusion by Petruch that Merkel violated police department rules and regulations did not rise to the level of an administrative proceeding. The decision to discipline Merkel did not amount to a quasi-judicial adversary proceeding between Merkel and the Town. Petruch was not acting in a judicial capacity and the Town was not a party to any proceeding against Merkel. *Cf. Buckhalter v. Pepsi-Cola Gen. Bottlers*, 820 F.2d 892, 895-96 (7th Cir. 1987) (the Illinois Human Rights Commission was acting in a judicial capacity in a proceeding that entailed four days of hearings before an administrative law judge where the parties were represented by counsel, witnesses were examined and cross-examined, and the ALJ issued a fourteen-page opinion with findings of fact, conclusions of law and legal analysis).

Plaintiff relies on *Czajkowski v. Chicago*, 810 F. Supp. 1428 (N.D. Ill. 1992) for the proposition that disciplinary proceedings before a city police board can be quasi-judicial

3

administrative proceedings on which judicial estoppel can be based. That case is, of course, not binding on this Court. Moreover, it appears that in *Czajkowski* a hearing was held before the Police Board at which the City, through the police superintendent, unmistakably argued that an officer had scratched the plaintiff with keys, whereas in the court proceedings it maintained that the scratches were self-inflicted. *Id.* at 1436. The district court in *Czajkowski* found that proceedings before the Chicago Police Board were "truth finding proceedings with procedural protections and judicial review available" and applied judicial estoppel to preclude the City from arguing in a § 1983 action that its officer did not scratch the plaintiff. *Id.* In contrast, in the instant case, there was no hearing and Plaintiff has not made the Court aware of any procedural protections or right to judicial review.

Furthermore, even if it is assumed that the investigation into Plaintiff's complaint against Merkel and resulting disciplinary measures against him was a quasi-judicial proceeding, it is not inconsistent for the Town to argue that, although his conduct violated department rules and regulations, it did not amount to false arrest, false imprisonment, or battery under Indiana law. Petruch did not find that Merkel lacked probable cause to arrest Plaintiff, but merely that there was insufficient evidence to show that Plaintiff had engaged in disorderly conduct. Nor did he find that Merkel had committed battery—only that his grabbing of Plaintiff was unjustified under department policy. Accordingly, Petruch's conclusions are not relevant to the issues to be decided in this case and do not justify summary judgment for Plaintiff on his state law claims against the Town.

**D.     Conclusion**

For these reasons, Plaintiff's motion for partial summary judgment determining liability against the Town of Merrillville on his state law claims alleging battery and false arrest (DE 40) is DENIED.

SO ORDERED on September 19, 2014.

s/ Joseph S. Van Bokkelen
Joseph S. Van Bokkelen
United States District Judge