# United States District Court
# Northern District of Indiana
# Hammond Division

ELIAN M. SHEPHERD,

        Plaintiff,

        v.

TOWN OF MERRILLVILLE, INDIANA; J. MERKEL and N. SCHROCK, individually and in their capacity as Merrillville Police Officers;

        Defendants.

Civil Action No. 2:12-CV-23 JVB

## OPINION AND ORDER

Plaintiff has sued Defendants under 42 U.S.C. § 1983 as well as on several state law claims. This matter is before the Court on Defendants' motion for summary judgment (DE 86). Also before the Court are two motions to strike filed by Plaintiff (DE 91 and DE 99) and a motion to strike filed by Defendants (DE 94).

**A.    Background**

On December 18, 2009, Defendants Joseph Merkel and Nathan Schrock, both Merrillville, Indiana, police officers, arrested the Plaintiff, Dr. Elian Shepherd, outside an entrance to Methodist Hospital in Merrillville, where he is a staff member, for disorderly conduct and resisting law enforcement. Plaintiff sued both officers and the Town of Merrillville under 42 U.S.C. § 1983, claiming his arrest was without probable cause and in retaliation for his speech and that the officers used excessive force to arrest him; and under state law, claiming that the officers' conduct constitutes false arrest, false imprisonment, battery, and intentional infliction of emotional distress ("IIED"). Plaintiff also sued Defendant Merkel for IIED for an incident that

occurred after Plaintiff filed his original complaint, when Plaintiff and Merkel were traveling back to Merrillville on U.S. 30 at the same time after having attended depositions in Valparaiso, Indiana.

Defendants maintain that there was probable cause to arrest Plaintiff for both disorderly conduct and resisting law enforcement and their use of force was reasonable, or, alternatively, the officers are entitled to qualified immunity. They also contend that Plaintiff has no § 1983 claim against the Town, and that Plaintiff fails to state a claim against Merkel for IIED.

**B.     Summary Judgment Standard**

A motion for summary judgment must be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). All the evidence must be construed in the light most favorable to the non-moving party. *Feliberty v. Kemper Corp.*, 98 F.3d 274, 277 (7th Cir. 1996). A court may not make credibility determinations, weight the evidence, or decide which inferences to draw from the facts. Rather, a court's task is to decide on the basis of the evidence of record, whether there is any material dispute of fact that requires a trial. *Payne v. Pauley*, 337 F.3d 767, 770 (7th Cir. 2003).

**C.     Facts**

The undisputed facts are as follows: Plaintiff was riding with his daughter, Amanda, in her vehicle when he received a call from Methodist Hospital about a patient. Amanda drove him to the hospital so he could attend to the patient. She parked in the fire lane outside the entrance

2

to the hospital. As they were leaving the vehicle to enter the hospital, Plaintiff spoke with a hospital security guard, Adam Dolan. They left the vehicle in the fire lane and entered the hospital. When they came out of the hospital after Plaintiff had attended to his patient and returned to Amanda's vehicle, Defendants Merkel and Schrock were present and were preparing a citation for parking in the fire lane. Dolan was also present. Schrock, on being told by Plaintiff that he, and not his daughter, had been driving, asked to see Plaintiff's driver's license. After looking at the license, Schrock went to his vehicle. Plaintiff spoke to Dolan. Merkel approached Plaintiff and told him to stop talking to Dolan.

Plaintiff's interaction with Merkel and Schrock was recorded on a hospital surveillance video without audio. The video shows that while Schrock was in his vehicle, Merkel walked up to Plaintiff and put his face very close to his. Plaintiff turned and started walking away. Merkel held his left arm momentarily. Plaintiff turned away again. Merkel took hold of his left arm again. Merkel then turned him around and attempted to handcuff him. At that moment, still in his vehicle, Schrock looked up and saw Merkel's interaction with Plaintiff. Schrock joined Merkel and together they placed Plaintiff against Amanda's vehicle and succeeded in handcuffing him. Merkel led Plaintiff to his squad car and took him to the Lake County Jail. He was charged with disorderly conduct and resisting law enforcement.

While the above facts are not in dispute, many other details of the incident are contested. In Merkel's probable cause affidavit he stated that Plaintiff was "disorderly after being told to quiet down and continued to use profanity and talk or yell in a boisterous manner and use abusive language." (Pl. Ex. 2, DE 92, at 4). Plaintiff asserts that when he talked to Dolan he raised his voice a little bit but did not use profanity and did not yell. Moreover, he states that

3

when Merkel told him to stop talking to Dolan and be quiet, he complied. Plaintiff maintains that he never heard Merkel tell him he was under arrest. He attempted to walk away from Merkel but Merkel grabbed him to continue their conversation. He claims that he did not resist the officers, but simply twisted away in pain when Merkel grabbed his arm and twisted it behind his back.

In Defendants' account, Plaintiff refused to be quiet and continued to yell at Dolan. Merkel ordered Plaintiff to stop talking or he would be arrested. When Plaintiff refused to comply, Merkel told him he was under arrest and must turn around. When Plaintiff turned to walk away, Merkel grabbed his arm and struggled with him to effectuate the arrest. As this was happening, Schrock looked up from what he was doing in his squad car, saw the struggle, and came to assist Merkel.

With regard to the incident on U.S. 30, Plaintiff explains that Merkel attended Plaintiff's deposition on November 15, 2012, in Valparaiso in full uniform with a visible firearm. After Plaintiff's counsel objected, he removed the firearm and his uniform shirt. During the deposition, Plaintiff testified about his fear of police officers since the Methodist Hospital incident. Merkel heard this testimony. When Plaintiff left the law office following the deposition, he saw Merkel by his squad car. Plaintiff left quickly, wanting to avoid Merkel. At some point on his journey west on U.S. 30, Plaintiff, driving in the left lane, noticed that Merkel was several cars behind him in the same lane. They traveled in the same lane for a mile or two. Plaintiff then moved to the right lane. The cars that had been between Merkel and Plaintiff passed Plaintiff. However, Merkel did not pass Plaintiff but remained a few feet behind him, with Plaintiff in the right lane and Merkel in the left. They maintained this formation for about five miles. When Plaintiff sped up or slowed down his vehicle, Merkel would do the same.

4

Finally, Merkel passed Plaintiff.

**C.     Discussion**

**(1)    *Plaintiff's Motion to Strike Ezell Report and Opinions***

Defendants support their motion for summary judgment in part with the report and opinions of Jerome Ezell, who is an attorney and retired Indiana State Police officer. Plaintiff moves to strike his report because it is unsworn and therefore does not constitute an affidavit or otherwise admissible evidence for the purpose of Rule 56. Moreover, Plaintiff maintains that Ezell's opinions constitute legal conclusions that he reaches by crediting Defendants' view of the facts and disregarding Plaintiff's account.

Ezell's report includes opinions that Merkel and Schrock were justified in arresting Plaintiff for disorderly conduct and resisting law enforcement and that the manner of the arrest and force used were consistent with best law enforcement practices at the time of the arrest.

Under Indiana's disorderly conduct statute, Indiana Code § 35-45-1-3(a)(2), a person who intentionally "makes unreasonable noise and continues to do so after being asked to stop" commits the offense of disorderly conduct. Pursuant to Indiana Code § 35-44.1-3-1, a person who intentionally "forcibly resists, obstructs, or interferes with a law enforcement officer . . . while the officer is lawfully engaged in the execution of the officer's duties" commits the offense of resisting law enforcement.

Ezell's opinion that the officers had reasonable grounds to arrest Plaintiff for disorderly conduct disregards Plaintiff's testimony that he merely raised his voice a little when he spoke to Dolan and that he stopped talking when he was ordered to. Similarly, his opinion that they had

5

reasonable grounds to charge Plaintiff with resisting law enforcement and that the force used was reasonable, disregards Plaintiff's testimony that he never heard Merkel state that he was under arrest and that his movements while the officers were handcuffing him were an involuntary response to pain. Because the opinions expressed in the report depend on Ezell's resolution of credibility issues in favor of Defendants, they cannot not assist the Court in determining whether, as a matter of law, there was probable cause to arrest Plaintiff or that the force used was reasonable so as to warrant the conclusion that Defendants are entitled to summary judgment on these issues. Because the Court does not rely on these opinions in deciding Defendants' motion for summary judgment, the motion is denied as moot.

**(2)** *Defendants' Motion to Strike Facts from Plaintiff's Response*

Defendants ask the Court to strike thirteen different matters from Plaintiff's Appendix to his memorandum in opposition to Defendants' motion for summary judgment. Plaintiff uses a number of conclusions of Merrillville police personnel who conducted an internal investigation of Merkel's and Schrock's handling of the incident to bolster his claim that genuine issues of material fact exist, which Defendants seek to have stricken. (*See* the five matters listed in Defendants' memorandum in support of their motion to strike, DE 96 at 5). Because the Court does not rely on any of these conclusions in reaching its decision on the motion for summary judgment, Defendants' motion to strike is denied as moot as to them.

Defendants also ask the Court to strike seven other matters, which they claim are irrelevant because they consist of information Merkel and Schrock did not have at the time of the incident. The first such matter is found in paragraph 2 on page 3 of Plaintiff's Appendix. This

6

paragraph simply provides background information as to how Plaintiff and his daughter came to be at the hospital on the day of the incident. Accordingly it will not be stricken.

Of the remaining matters Defendants claim were outside the officers' knowledge, the Court relies only on Plaintiff's statement that his movements during the time Merkel and Schrock were handcuffing him were in reaction to pain and that he did not hear anyone say he was under arrest to decide Defendants' motion for summary judgment. The Court agrees with Plaintiff that if a jury believes Plaintiff's explanation, it could infer that Merkel and Schrock perceived he was reacting to pain and not resisting them. Moreover, a reasonable inference from Plaintiff's testimony that he did not hear Merkel tell him he was under arrest is that Merkel never said it. The statements are relevant and will not be stricken.

Defendants also maintain that Plaintiff's testimony that his daughter told the officers to be careful when they were handcuffing him and as to what Dolan said to him when he first arrived at the hospital should be stricken as hearsay. Once again, because the Court does not rely on either of these matters to determine whether summary judgment is appropriate, Defendants' motion to strike them will be denied as moot.

**(3)** *Plaintiff's Motion to Strike Arguments in Defendants' Reply Memorandum*

Plaintiff asks the Court to strike from Defendants' reply memorandum three arguments because, he maintains, they were not raised in their original memorandum.

Plaintiff first argues that Defendants did not seek summary judgment on his claim that his arrest and detention were in retaliation for his speech but nonetheless argued in their reply brief that he has no First Amendment claim for retaliatory arrest. The Court agrees and will strike

Defendants' argument in section IV of their reply brief.[1]

Next Plaintiff maintains that the Court should strike the portion of Defendants' reply brief that argues for rejection of *Monell* liability on a failure to train theory because he did not plead that theory. Because of the Court's resolution of Defendants' other argument against failure to train liability, it is not necessary to decide whether Plaintiff properly pleaded such a basis for liability and the motion to strike will be denied on this issue.

Plaintiff also asks the Court to strike Defendants' argument that he never pleaded a failure to intervene claim against Schrock and thus should not be permitted to raise such a claim in his response to Defendants' summary judgment motion. Plaintiff maintains that his allegation that Schrock assisted Merkel in arresting him implies a failure to intervene. The Court agrees with Defendant that after Plaintiff raised this basis for liability in his opposition to their motion for summary judgment, Defendants are entitled to address the claim in their reply. The argument will not be stricken.

**(4)** *Unreasonable Seizure and State Law Claim for False Arrest/False Imprisonment*

Defendants argue that they are entitled to summary judgment on these claims because the undisputed facts show that Merkel and Schrock had probable cause to arrest Plaintiff for disorderly conduct and resisting arrest. The Court disagrees. The disputed facts the Court noted above preclude summary judgment on these issues.

---

[1]Defendants insist that Plaintiff's First Amendment claim for retaliatory arrest cannot stand either substantively or on qualified immunity grounds. They suggest the Court should allow Plaintiff to file a sur-response brief rather than allow his retaliatory arrest claim to go forward. The cases Defendants rely on to dispose of this claim involve situations where probable cause to arrest the Plaintiff on some grounds was found to be present. However, because of the Court's resolution of Defendants' summary judgment motion on the probable cause issue in this case, such additional briefing would serve no purpose.

Moreover, the same disputed facts prevent the Court from determining that Merkel and Schrock are entitled to qualified immunity. In order to survive summary judgment on the grounds of qualified immunity, a plaintiff must demonstrate a violation of a valid legal right and show that it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted. *Abdullahi v. Madison*, 423 F.3d 763, 775 (7th Cir. 2005). If Plaintiff's version of the facts is believed, it would be clear to a reasonable officer that probable cause to arrest him was lacking. Thus summary judgment is denied on this issue.

**(5)** *Unreasonable Use of Force and State Law Battery Claims*

Defendants maintain that the undisputed facts and video evidence show that Merkel and Schrock used no greater force than was necessary under the circumstances. However, once again, disputed facts preclude summary judgment on these issues. Plaintiff alleges that when Merkel grabbed him, he had not been told he was under arrest, that Merkel used force not to effectuate an arrest but to compel Plaintiff to continue the conversation with him, and that any resistance on his part was not intentional, but a reaction to pain. Under these circumstances, summary judgment is not appropriate. Moreover, because of the existence of these disputed facts, the Court cannot conclude that Merkel and Schrock are entitled to qualified immunity.

**(6)** *Failure to Intervene*

Plaintiff maintains that the facts viewed in his favor support a Fourth Amendment claim that Schrock breached his duty to intervene to protect Plaintiff's constitutional rights from infringement by Merkel. Defendants insist that Plaintiff did not plead this claim and cannot raise

9

it for the first time in his summary judgment response brief and further argue that the facts do not support such a claim. They also assert that Schrock is entitled to qualified immunity.

Plaintiff did not need to state specifically in his complaint that Schrock failed to intervene to prevent Merkel from violating his civil rights to proceed on this theory. An officer breaches his duty to intervene if he had reason to know that a constitutional violation has been committed by another officer and had a realistic opportunity to intervene to prevent the harm from occurring. *Yang v. Hardin*, 37 F.3d 282, 285 (7th Cir. 1994). "Whether an officer had sufficient time to intervene or was capable of preventing the harm caused by the other office is generally an issue for the trier of fact unless, considering all the evidence, a reasonable jury could not possibly conclude otherwise." *Lanigan v. Village of East Hazel Crest, Ill.*, 110 F.3d 467, 478 (7th Cir. 1997).

Nonetheless, summary judgment will be granted on this issue because Schrock is entitled to qualified immunity. Plaintiff has not shown that it would be clear to a reasonable officer in Schrock's circumstances that failure to stop Merkel from grabbing Plaintiff and handcuffing him violated Plaintiff's rights. It is undisputed that Schrock was in his vehicle when he looked up to see Merkel attempting to handcuff Plaintiff. Neither the video of the incident nor any other designated evidence demonstrates that Schrock should have known Merkel lacked probable cause to arrest Plaintiff or that he was using excessive force such that Plaintiff needed Schrock's protection.

**(7)** *Monell Claims*

Under *Monell v. Department of Social Services*, 436 U.S. 658 (1978), municipal entities

may be subject to § 1983 liability when the violation of a plaintiff's federally protected right can be attributable to the enforcement of a municipal policy or custom. *Id.* at 694. Defendants assert that Plaintiff cannot point to any express municipal policy or widespread custom or practice that led to the constitutional violations he alleges. Plaintiff argues that the facts in this case support an inference that a lack of training caused the incident at issue in this case.

"Only where a municipality's failure to train its employees evidences deliberate indifference to the rights of its inhabitants can such a shortcoming be properly thought of as a city custom or policy that is actionable under § 1983." *Canton v. Harris*, 489 U.S. 378, 389 (1989). It is not enough "to prove that an injury or accident could have been avoided if an officer had had better or more training, sufficient to equip him to avoid the particular injury-causing conduct." *Id.* at 391. What a plaintiff must do is focus "on the adequacy of the training program in relation to the tasks the particular officers must perform. That a particular officer may be unsatisfactorily trained will not alone suffice to fasten liability on the city . . . ." *Id.* at 390.

Even if the Court were to consider Chief Petruch's conclusions that Merkel lacked knowledge of the statutory definition of disorderly conduct and did not understand the law with regard to arrest for disorderly conduct, Plaintiff has designated no evidence from which a reasonable jury could conclude that the Town had a constitutionally deficient training program. Petruch's assessment of Merkel suggests only that he may have been unsatisfactorily trained. Because there is an absence of evidence to support Plaintiff's inadequate training claim, summary judgment is granted in favor of the Town and Merkel and Schrock in their official capacities on this claim.

**(8)** *IIED Claim against Merkel*

Defendants' final argument is that the undisputed facts do not support an IIED claim against Merkel for the incident on U.S. 30. The Court agrees. To establish an IIED claim, Plaintiff must show that Merkel, by extreme and outrageous conduct, intentionally or recklessly caused him severe emotional distress. *See Cullison v. Medley*, 570 N.E.2d 27, 31 (Ind. 1991). The conduct at issue must be so outrageous in character and so extreme in degree that it exceeds all bounds of decency, so as to be utterly intolerable in a civilized community. *Creel v. I.C.E. & Assoc.*, 771 N.E.2d 1276, 1282 (2002). In an appropriate case, the question can be decided as a matter of law. *Id.* Here, Merkel's actions as described by Plaintiff—following several feet behind Plaintiff's vehicle for about five miles along U.S. 30, in the left hand lane while Plaintiff traveled in the right lane, matching Plaintiff's speed—do not rise to the level of extreme and outrageous conduct as a matter of law. Accordingly, summary judgment will be granted as to this claim.

**D. Conclusion**

For the reasons stated above, Plaintiff's first motion to strike (DE 91) is DENIED. Defendants' motion to strike (DE 94) is DENIED. Plaintiff's second motion to strike (DE 99) is GRANTED in part and DENIED in part. Defendants' motion for summary judgment (DE 86) is GRANTED in part and DENIED in part.

SO ORDERED on March 6, 2015.

                                              s/ Joseph S. Van Bokkelen
                                              Joseph S. Van Bokkelen
                                              United States District Judge